**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **TRAVIS WILLIAM WILSON, #635652,** ) | |
| Petitioner,     ) | |
|     ) | |
| v.     ) | 3:05-CV-0847-D |
|     ) | |
| **DOUGLAS DRETKE, Director, Texas**     ) | |
| **Department of Criminal Justice,**     ) | |
| **Correctional Institutions Division,**     ) | |
| Respondent.     ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Telford Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in New Boston, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process in this case.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of capital murder and attempted capital murder in the 283rd Judicial District Court of Dallas County, Texas, in Cause Nos. 92-69643 and 92-69642. (Petition (Pet.) at 2). Punishment was assessed at life imprisonment. (Id.). The Fifth District Court of Appeals affirmed his conviction on appeal. Wilson v. State, No. 05-93-00278-CR and 05-93-00277-CR (Tex. App., Dallas, Jun. 30, 1994,

no pet.).  (Pet. at 3).

Thereafter, Petitioner filed two state applications for a writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure.  The Texas Court of Criminal Appeals (TCCA) denied the first application on June 14, 1995, and dismissed the second and third applications as second and successive on February 9, 2005.  Ex parte Wilson , Nos. WR- 28,471-01 and WR-28,471-02 and 03,  www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=166679, 229926 and 229927 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals).

In his federal petition, filed on April 27, 2005, Petitioner alleges ineffective assistance of trial and appellate counsel.[1]

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  The court may raise the affirmative defense of the statute of limitations *sua sponte*.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

---

[1] For purposes of this recommendation and in light of the "mailbox rule" adopted by the Fifth Circuit in Spotville v. Cain, 149 F.3d 374, 377 (5th Cir.1998), the court assumes the petition was placed in the prison mail system on March 14, 2005, the date on which Petitioner signed the same.  However, it is difficult to believe that more than one month elapsed from the date on which Petitioner purportedly placed his petition in the prison mail and April 27, 2005, the date on which it was received and filed by this court.  Nevertheless as noted more fully below, the petition is time barred regardless of whether it is deemed "filed" as of March 14, 2005.

2

removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on July 30, 1994, thirty days after the Court of Appeals affirmed the judgment of conviction.  See TEX. R. APP. P. 68.2(a) (effective September 1, 1997), formerly TEX. R. APP. P. 202(b).  Because the above date preceded the enactment of the AEDPA, Petitioner had a one-year grace period, from April 25, 1996, through April 24, 1997, within which to seek habeas corpus relief.  See Flanagan v. Johnson, 154 F.3d 196, 199-200 n. 2 and 202 (5th Cir. 1998) (citing United States v. Flores, 135 F.3d 1000, 1006 (5th Cir.1998).  Petitioner did not file this federal habeas petition until March 14, 2005, almost eight years after the running of the one-year grace period.  Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161

F.3d 941 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas applications were not pending in state court during the one-year grace period. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application did not toll limitation period where it was not filed until after the limitation period had expired). Petitioner's first state application was filed and denied before the commencement of the one-year grace period, and Petitioner's second state application was filed and denied long after the expiration of the grace period. Therefore, Petitioner's habeas corpus petition is clearly untimely.

In order to permit Petitioner to show whether some period following the finality of his conviction should be tolled on equitable grounds, the magistrate judge filed an order on June 6, 2005, requesting him to show cause within thirty days why his petition should not be dismissed as time barred. On July 15, 2005, the court extended the deadline to August 15, 2005. As of the date of this recommendation, Petitioner has neither responded to the show cause order nor sought an additional extension of time.

Nevertheless, his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances," Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), nor that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000). Following the denial of his first art. 11.07 application, Petitioner waited almost ten years before submitting this federal

4

petition for filing. (Pet. at 4). These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, the court concludes that Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 25th day of August, 2005.

*[signature: Wm. F. Sanderson, Jr.]*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.